Good morning, Your Honors. May it please the Court. My name is Susan E. Hill, and I'm representing the petitioner, Mr. Donald Hugh Ferguson. Mr. Ferguson is in front of this Court because the immigration judge erroneously denied his request for relief under the Convention Against Torture. He requested deferral of removal pursuant to 8 CFR Section 208.17. The judge committed due process errors in his decision and also raised a question of law. The BIA summarily affirmed it. Therefore, we're left with the judge's decision on review. To begin, the government contends that this Court does not have jurisdiction over the matter. We do contend that it does have jurisdiction precisely because we say that the judge made the due process errors and the question of law. Which judge are you talking about now, the immigration judge? Yes, this is the immigration judge. I had a hard time seeing where you raised that to the BIA. Mr. Ferguson represented himself pro se in front of the BIA. He was in custody and actually handwrote his brief. He contended that the judge made errors in his decision that he should have ---- Evidentiary errors. Essentially, yes. He phrased them as evidentiary errors. I know that this Court has decisions stating that pro se aliens should be given a little bit more leniency or at least understanding that they are not sophisticated. That's right, but if nothing is raised at all, how do we give them a little more? He did raise where he said that this was my evidence and this is why I believe that I had established that I was eligible for the Convention Against Torture Relief. He stated that We should construe that as a due process claim that the immigration judge used a wrong legal standard? Yes, Your Honor, because he claimed that he reiterated his evidence. He did it several times, actually. And he stated that because these drug dealers are looking for me in Belize and because they are in, I think the actual quote was the same cahoots with the police. But really, wasn't it a sufficiency of the evidence claim? I disagree that it was a sufficiency of the evidence claim, Your Honor, and this is because his testimony was uncontroverted. It was not challenged. I think in the government's brief, he even stated there was no credibility issue. And he clearly stated that the police in Belize will turn me over to the drug dealers and then I will be tortured and killed by the drug dealers. And having that evidence in front of him, the immigration judge clearly said there is no nexus between the Belize government and these persecutors or these drug dealers. And that's clearly contrary to the evidence. It's not even a question of weighing the evidence. This is a fact establishing clearly that there is a nexus. And then the immigration judge said there is no nexus. So that is why I believe it's a due process error. And Mr. Ferguson did not have the sophistication to phrase it as a due process error. He also said, again, he would be tortured if these drug dealers found him. And the judge, after stating there is no nexus between you and the government and these drug dealers, he also said, besides there's no evidence that the government of Belize is in the wholesale business of or it wasn't even the government. It was the police of Belize were in the wholesale business of turning over people such as Mr. Ferguson to the drug dealers. And again, that, A, is contrary to the evidence. And Mr. Ferguson stated it would So it did happen. Plus, the country reports showed that there is corruption in the police department of Belize, and that they are experiencing problems with this, and that they have had to, there are several noted incidents of where police corruption had gotten in the way of law enforcement. And certainly I read that statement by the immigration judge to be a little bit different. So maybe you can help me. I read him to first say, you know, I've really seen the evidence, and I don't actually see a connection between these three guys, the bad guys, we'll call them, and anybody who was a public official. And then I thought he was trying to help a little more. And he says, and in addition, I don't have evidence, you know, if we can't connect it up more specifically, we don't even see any evidence here that there's some wholesale problem where I could kind of rely on a global situation, not just of global corruption, but the fact that people turn over, that the police there turn informants over to drug traffickers. It's like feeding them to the alligators or something. So I read that actually as an effort by the immigration judge to try to get specific evidence. So he was trying to look even further to see if there was something else. Why isn't that a fair reading of the statement? Well, I believe his decision is not entirely clear to begin with. It's very short, and there's not much discussion of this. But I'd hate to be in trouble because the decision is short. I'd be in trouble with about 80 percent of our memorandum. So it's really only a couple of sentences here that we have to work with. And like I said, Mr. Ferguson clearly testified that the police will turn me over to the drug dealers, and they did do this to my brother in the case of mistaken identity. So in the first instance, he has his credible testimony establishing that this would happen and has happened in the past. And the judge right off the bat said there is no nexus, despite the nexus existing. Then the judge went on to say, like you pointed out, Your Honor, that the government of Belize is not in the wholesale business. For whatever purpose he added that statement in, I still contend that that is wrong because the statute or, I'm sorry, the regulation only requires that a government official be the actor. Here, it was members of the police department, plus the police department are corrupt. It does state that in the country reports. So even if we were going to just focus on that statement by the judge in and of itself, I would contend that that's incorrect in light of the evidence that the police department is in the wholesale, not wholesale business, but the police department has been shown to be corrupt in Belize. Well, but the fact that the police department may be corrupt, isn't that a different issue than whether police turn over informants to drug traffickers? I'm not sure I understand the nature of the question. Well, I mean, you know, about 70 percent or more of the country reports we look at, the police are corrupt. But that doesn't give you enough evidence that there's specific issues going on. I mean, corruption is one thing, but turning over witnesses to criminals, that's quite a different thing, isn't it? I think I understand what you're saying, Your Honor, but here we do have the fact that what happened when his brother went back to Belize, they did turn his brother over to the drug traffickers. So it's not just speculation on Mr. Ferguson's part. It's what actually has happened in the past. He stated they're still interested in him. And granted, he's limited in the amount of evidence he can collect because of his lengthy incarceration, which is ongoing. But he did get a letter from his cousin that he submitted to the Board of Immigration Appeals that said the drug traffickers are still looking for you. And so there is still interest by the drug traffickers in killing him, combined with the fact that they had used the police in the past. And there's no indication that the police force has been cleaned up. It's likely that they will continue to use these practices and to seek him out and to find him when he lands at the airport. His testimony went on to indicate that Belize is very small. In the record, it indicated also that there's only one flight in and out of the United — into Belize from the United States per week. So it would be very easy for the police department to keep track of incoming visitors and be able to find him and turn him over to the drug dealers. Additionally, Mr. Ferguson had — I'd like to reiterate that it was the credible testimony. And I acknowledge that he was not able to get a lot of corroborating documents. But the judge, in his decision, in a way seemed to indicate that he may not have carried his burden due to a lack of corroborating documents. Again, the judge did not come out and say, I find this testimony confusing. The judge did not come out and say, I don't know what to believe or that I find you incredible. But yet he said, you don't have letters from your brother to corroborate this. You don't have letters from the Inglewood Police Department to corroborate that you were, in fact, an informant for them. To begin with, I contend that that wasn't necessary because there was no adverse credibility finding and no question as to his credibility or the plausibility of the evidence. But even if this court were so inclined to go down that road, he wasn't able to get this evidence and he adequately explained why not. He was incarcerated, again, like I said, for a long time. He'd lost a lot of contact with the people on the outside, including his brother. He submitted lengthy documentary evidence about his schizophrenia and mental impairments. So he's not able to get the evidence from the police department. It was over 20 years ago. They weren't able to pull up the records without more specific information that he lacked. And he made the efforts to get these documents and was unable to do so. Is he a lawyer? I'm sorry? Is he a lawyer? No, Mr. Ferguson is not. It's the most incredible pro se brief I've ever read in my life to the BIA. I agree. I was impressed with what a good job he did on it. He didn't write this. Somebody else is giving him this information. I believe so. It seemed to be well researched. He launches into the history of when the United States Congress gave advice and consent to ratification of the Torture Convention in 1990. It made a declaration that Articles 1 through 16 of the Convention are not self-executing. I mean, that's just the beginning of it. He did a good job. It's a little inconsistent, the style there with his testimony style. I think it's consistent, but it doesn't have the same flourishes. Yes. In conclusion, I would just like to wrap up and with respect to the jurisdictional issue point out, and I just thought of this, discovered this this weekend when I was preparing for the argument today. It is 8 U.S. Code 1252A2C, the aggravated felony provision that strips this court of jurisdiction-saving provisions of 1252A2D that we're proceeding under here. I'd also like to point out that... Therefore. I'm sorry, Your Honor? Therefore. Therefore, this court would have jurisdiction under 1252A2D. And I'd also like to point out that 1252A4 gives this court exclusive jurisdiction over Convention Against Torture Claims, and it also says, notwithstanding any other provision of the law, in light of the fact that this deferral of removal that Mr. Ferguson is seeking is pretty much a last resort, an extreme form of relief after he's been rendered ineligible for asylum and ineligible for withholding, and ineligible for withholding under the Convention Against Torture. He's on pretty much his last legs as far as having anyone consider his cases. I hear you arguing that exhaustion is irrelevant here and that we should sit as a court of original jurisdiction. No. Again, Your Honor, I'm not arguing that. I believe he adequately raised the issues of error in how the judge – the BIA was able to review the judge's decision and determine whether or not he had adequately assessed the evidence. And then, moreover, because it's a summary affirmance, we're not really aware of what the BIA's reasons were for affirming this case. All they do is they say that they are adopting – or they don't even say they adopt, but that's how it's been construed. They adopt the judge's opinion. So it's quite possible that the BIA even had considered these issues on its review and just instead decided that they agreed with the conclusion or the results that the judge reached. So I don't believe that would prevent this court. In summary, because this is a last resort and the way that 1252A4 is phrased, I would also give this court jurisdiction over the matter despite the jurisdiction stripping provisions. And in the event, this court determines that 1252A2D does not apply. Thank you. I'll reserve the remainder of my time for rebuttal. Thank you, Kev. May it please the Court. My name is Luis Perez, and I represent the Respondent and the Attorney General of the United States. Your Honor, addressing the jurisdictional provision INA 242A2C, it is the government's contention that the only exception created by Congress is that one found on INA 242A2D. Now, with respect to Petitioner's Counsel's allegation about 1252A4, I would like to be able to research that point since it wasn't raised in her brief. But initially, it is the only – I'm sorry, it is the government's contention that the only exception that Congress created to 242A2C is 242A2D. Now, going to the exhaustion of administrative remedies issue, counsel did point to this Court's case in Agyeman. And in Agyeman, what this Court said is that, yes, when there is a prose petitioner, the Court will read the briefs liberally. However, in Agyeman, the alien did make a complaint, a specific complaint, about the process by saying that the IJ had error in requiring his wife's testimony. If you look at Mr. Ferguson's 17-page handwritten brief, not only it puts to shame many of the briefs of immigration counsels, but it's very specific. And it's entirely an allegation that his evidence was sufficient to establish entitlement under deferral of removal under Kent. And therefore, the BIA was not given notice that there was a procedural mistake. And on that basis, the government contends that the BIA was never made aware there was a due process claim, much less a claim that the IJ had applied the wrong standard of review with respect to the Convention against Torture. I did submit to the Court a 28-page letter citing to the case of Afridi last week. I hope the Court has a copy of that. If not, I have extra copies for the Court. But in Afridi, in discussing INA 242-A2C, the Court said that it only has a restriction obviously over questions of law and honorable constitutional questions. It doesn't have jurisdiction to reweigh the evidence. And the entirety of Petitioner's counsel's argument is that because the testimony was credible, it was automatically sufficient to establish entitlement under Kent. And there is no question that the IJ did ultimately find Petitioner's testimony credible. Even when the IJ, and we can go through the entire IJ decision starting on page 109 of the administrative record, the first paragraph on that page, the IJ sets forth what is the standard of torture. And he specifically says that acquiescence is only necessary of a public official. And he specifically mentions, he refers to a public official in the singular, not in the plural. Then the next sentence, he says, well, the Respondent's testimony in this regard fails to make the necessary connection between the three individuals that he fears and this public official, again, in the singular. Then the next sentence, he also, I'm sorry, I just, then at the end, he says, there is, the next sentence, there is no nexus between these individuals and any public official, again, in the singular. He is not requiring Petitioner to establish that the entire government will acquiesce without torture. He is correctly setting forth what is the standard for the Convention Against Torture. Now, with respect to corrupt officials, corrupt individuals, if you look at pages 141 to 146 of the administrative record, and this is Mr. Ferguson's testimony, the judge asked him on multiple occasions, why would a public official, why would a public official acquiesce to this torture? And his response was continuously, because the police is corrupt. Because they're underpaid and they're corrupt. And therefore, the immigration judge, taking that testimony from pages 141 to 146, and if the court want, I can point to specifically what I'm referring to. For example, on page 141, he testified, well, I can get no protection from the police because they're, because they got the police department, I'm sorry, they got the police department is corrupt and they would be on their side. So his acquiescence claim is based on the corruption, the general corruption of the police. And the IJ specifically addressed that by saying, well, there is really no indication in the record that the police is in the wholesale business of turning informants into drug traffickers. Noting that his claim is based on the fact that the police as a whole is corrupt. Well, corruption to me means they're getting paid off. Yeah. So wouldn't it follow, that's why they might do it if the bad guys, I mean, everybody knows that the bad guys want to know who the informants are. Sure. The cops, the cops tell them. Yes. But you have to look this into the fact that the IJ is considering the entire evidence. He's also considering the State Department report that sort of says that, yes, there is evidence of corruption in the police department. However, the police has been somewhat effective in doing that. And, Your Honor, your remark goes more as to the sufficiency of the evidence. What I'm trying to establish here is the IJ actually applied the correct standard. What did the IJ find when he found the evidence was credible, you say? Yes. So he found that Ferguson's testimony that this had happened to his brother was true? Yeah. That the airport officials had tipped him off was true? Yeah. And he said that it was insufficient? It's insufficient. Why? Why is it insufficient? If the government officials did that, why is it insufficient? That goes to the weight, Your Honor. In the judges, after evaluating the entire evidence in the record, the judge said that while he testified that, the evidence And while it was true? While it's true, it's insufficient. But that goes to the weight. That goes as to whether substantial evidence supports the IJ's decision. It doesn't go as to whether he's applying a wrong standard. I'm trying to figure out what the IJ's decision really means. What was he really saying? Was he saying that he didn't prove that the entire government's corrupt? Or that he didn't prove that they're wholesale corrupt? First, that he didn't prove that there's a particular official that will have awareness of the possibility of torture. How could that be if what Mr. Ferguson said was true? Because what Mr. Ferguson's testimony about what happened in the airport was in the early 1990s, 12 years before the IJ's decision. That's evidence of past torture. He still has to prove that, for purposes of the Convention Against Torture and this Court's case law, he has to prove that, more likely than not, when he returns, there's going to be a public official that will have awareness of the possibility of torture, more likely than not, and that will fully disregard that possibility. Well, you know, if he said that, that the evidence is stale, it doesn't show any current nexus, that would be – I would follow that. But it seemed that he was saying that he failed to show a connection between any government official or government officials as a whole. However you read this, whether you read it as one continuous thought or separate thoughts or in addition, but he didn't seem to be basing it on time at all. And we're trying to see whether he has a misunderstanding of the law as opposed to fact. Sure. It's a corsory decision. It's an oral decision rendered probably 20 minutes after the presentation of the evidence. But we have to look at the fact that the I.J. set forth the correct standard, that first look at his claim at the one official basis, a single official, then took his claim that the police is corrupt and say, well, even if you presented that there is no evidence that the police isn't the wholesale business of – He doesn't say any single official. He says that there's no nexus between these individuals and any public officials. After specifying that there was insufficient testimony in terms of a connection between the three bad guys and any public official. Again, Your Honor, the government's position again is that the main issue, assuming that Mr. Ferguson exhausted administrative remedies, is whether the I.J. applied the correct standard. And based on the fact that he laid out the standard and that he addressed every specific claim, there's indication that he obviously did. Now, with respect to the pointing to corroboration or obtainable proof, the judge went ahead and looked at other evidence in the record. Because, again, the issue is not whether he – whether Mr. Ferguson had provided credible testimony or not. This was whether the testimony was sufficient or not. And he pointed out to obtainable proof that could have been presented. But ultimately did not penalize Mr. Ferguson for not presenting that evidence. Because on the last page of the administrator of the I.J.'s decision, page 110, he concludes, but should even the court give full credence to the respondent's testimony in this matter as to what happened with the respondent, the necessary nexus between the three people he fears and the Belize government has not been made. And, again, he refers to the Belize government because his claim of acquiescence is based on the corruption of an entity of the Belize government. Having said that, Your Honor, if the Court has any questions. Thank you. Thank you, Your Honor. Your Honors, I just want to reiterate that as the issue rose up when counsel was arguing, there is a difference between the judge stating the standard that he's going to apply and then whether he actually does apply that standard.  And I think it's important to note that the judge came to a conclusion that obviously ignored the facts and was against the standard that he may have even reiterated in his decision to begin with. How is that obvious? Explain. Because as I said before, when he said there is no nexus between the drug dealers and the government of Belize, that's not true. That's just contrary to the facts that it was the police force that had the connection with the drug traffickers. Well, he does, although he doesn't say we're dealing with stale information, he precedes this discussion with statements as to the dates, 1970s, 1990. And so the context in which he makes the statement suggests this is so old that your burden of proving that something will happen to you or might happen to you when you return is damaged by the fact that the information is old. I disagree with that, Your Honor. And we are limited by what the judge actually did state. A lot of judges just reiterate the facts prior to making their decision. They'll just do a restatement of the facts. And here in his decision portion, he makes no mention of why or he doesn't refer at all to the evidence being old or stale. He just says there is. He just dates it. I disagree. I think in the part where he's discussing the evidence, where he's actually perhaps analyzing it, if you want to call it that, he doesn't make any reference to the age of the evidence. He just says there is no nexus. And he fails to follow that up if that was his reason for that to be his conclusion. It would deprive a person of the ability, and it's causing difficulty here at the court, trying to figure out what exactly were the judge's reasons. What's the date of the latest information that reflects on this issue? Well, he did have the letter from his cousin that he submitted in front of the BIA. And there's no indication whether the BIA considered that or not. Well, that was submitted in front of the BIA. Right. I'm talking about the IJ. It seems the latest information was 1990. Did I miss later information than that? Nothing that was specifically dated. He just said that people told him who had been traveling back and forth. He didn't Mr. Ferguson did not date that information. But the Brothers incident did happen in 1992. The judge – I contest that the judge did not state that that was his reason for denying the claim. And, therefore, that can't be – that's speculative at this point, and it can't be used at this point to read into what the judge actually meant when he failed to state what he meant. He only used about a paragraph, really, to analyze the case. And it was with the small – So at what standard do we benchmark the evidence against? If I understand your question, Your Honor, we're saying that it has to be weighed against the standard of the regulation for deferral. But if there's substantial evidence that supports the BIA's – the BIA's affirmances as to the result, it's not necessarily as to each little sentence in the IJ's order. So I always get a little bit confused as to why sometimes we're parsing each sentence if there's not a legal foundation for challenge. So now what we're talking about in terms of time and that sort of thing, that's just how the evidence was weighed or might have been weighed, correct? It could be, but we're saddled with the immigration judge's decision because that was the BIA's choice. Well, as I understand, we're trying to figure out what standard he applied, right? And in order to figure out what standard he applied, we have to figure out what his decision means. Correct. And whether it's supported by the evidence or not, we're not looking at in this case. It does sort of roll around. Well, why aren't we looking at whether it's supported by the evidence when it's a BIA decision, a summary affirmance? I don't understand. Well, it's a summary affirmance in which the regulations clearly say what all the BIA is doing is basically adopting the result. Of the judge, right. And then I believe if it's not specifically in the regulations, I believe this Court has interpreted that to mean that the BIA is adopting the judge's decision and this Court reviews it. Correct, but not necessarily each. I mean, if the judge's decision is supported by the evidence. And I'm not saying there isn't one here, but if there's not a legal infirmity in the decision, then the BIA's affirmance of it is basically affirming only the result, correct? Correct, but in interest of fairness to any applicant, there needs to be a reasoning behind the decision, and the BIA has adopted the reasoning of the judge by adopting the decision. They may not have used that reasoning, but they have chosen, and I think even one case from this Court states that essentially they do saddle themselves with that could be a potential drawback. Right. If they find that perhaps the judge made errors, but they reach a different conclusion under a proper standard, but they fail to articulate that, they're still saddled with the judge's faulty decision. But your claim, as I understand it now, although it may not have been one raised below, is really do you think the standard is legally deficient? The standard that the judge used is indicated by the conclusion that he came to, which had to have been by ignoring the evidence that was there. And he didn't even properly in his decision, he did not seem to explain what his reasoning was. And we're all mystified in a way how to interpret this decision. And I don't believe that's fair to someone like Mr. Ferguson, who's facing death upon return to Belize. He deserves a better reasoning. And what exactly are you asking us to do? I believe because the judge's decision is so unclear, and I raised it elsewhere in my brief on one other issue. I think in my brief I did say the Court should remand the matter. Of course, Mr. Ferguson would prefer if the Court wanted to outright grant the relief today if there was a basis for it. Which there really isn't. You really, as I understand your argument, you're asking us to remand it to apply the proper standard. To clarify the standard, or to make sure that the standard was applied correctly. If there's nothing else, I'll submit. Thank you, Your Honor. Thank you. The case just argued will be submitted. The Court will stand in recess for the day.
judges: Reinhardt, Trott, McKeown